**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAMUEL ZAKHEIM et al., individually and** | : | |
| **on behalf of all others similarly situated,** | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 22-4594** |
| | : | |
| **CURB MOBILITY LLC et al.,** | : | |
| **Defendants.** | : | |

**McHUGH, J.**                                                              **August 18, 2023**

## MEMORANDUM

This is a consumer rights class action alleging that Defendants secretly charged taxi passengers undisclosed service fees.  Defendant Taxi Butler distributes a device that allows hotels and other venues to call a cab at the press of a button.  Plaintiffs allege that co-Defendant Curb Mobility illegally charges passengers a fee for its use at the end of any ride that was initiated through a Taxi Butler device.  Plaintiffs maintain that this service fee is not disclosed at any point until the conclusion of a taxi ride, and that some passengers first receive notice of the fee after swiping a debit or credit card.

After previously dismissing without prejudice Plaintiff's RICO claims against Defendants for failure to properly set forth a RICO enterprise, Plaintiffs amended their complaint to alter their RICO allegations.  Defendants again move to dismiss Plaintiffs' RICO claims, arguing that Plaintiffs failed to correct the deficiencies I previously identified.  Although Plaintiffs' edits were modest, I nonetheless find that they have added sufficient facts to allege a RICO enterprise and a pattern of racketeering activity and will therefore deny Defendants' Motion.

I.      **Relevant Background**

The factual allegations in this case are summarized in my previous opinion granting and denying in part Defendants' prior motion to dismiss.  ECF 25.  Nearly all the allegations remain the same in the Second Amended Complaint.  In sum, Defendants Curb Mobility, LLC ("Curb"), Taxi Butler B.V. d/b/a Venue Butler ("Taxi Butler"), and Yaiks, Inc. ("Yaiks") (collectively, "Defendants") have integrated their respective technologies and technology platforms to enable venues to request taxi rides at the touch of a button.  *See generally* Second Am. Compl., ECF 28.  Specifically, Taxi Butler produces a hardware device that it markets to hotels, restaurants, and other venues, which is used to request a taxicab via Curb's network.  *Id.* at ¶¶ 73-79.  Plaintiffs allege that Defendants charge taxi passengers a hidden service fee when a taxicab is requested using the hardware device, but that passengers are never given notice of this service fee before their ride, nor are given an opportunity to decline the fee.  *Id.* at ¶¶ 79-82.

As relevant to the instant motion, Plaintiffs plead that Defendants' charging this hidden fee violates the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*  I previously dismissed Plaintiffs' RICO claims based on Plaintiffs' failure to sufficiently plead an "enterprise," in large part because Plaintiffs had not demonstrated that all members of the alleged enterprise shared the alleged common purpose of "selling taxi ride hailing services with hidden fees."  *See* ECF 25 at 6.  Specifically, I found that Plaintiffs' allegations were undercut by other, contrary allegations suggesting that Defendants actively hid this illicit purpose from the hotels and taxi companies.  *Id.*  The Second Amended Complaint now alleges that Defendants, hotels, and taxi dispatch companies form an enterprise with the purpose of "providing rides to people," Second Am. Compl. ¶¶ 124, 131, further alleging that Defendants "exercised discretion" on behalf of hotels and taxi companies and "directed" their affairs to facilitate their illegal scheme.

*Id.* at ¶ 125.  Plaintiffs also plead additional facts about the relationship between Defendants Curb and Taxi Butler, specifically asserting that Curb and Taxi Butler formed a partnership to place Taxi Butler's hardware device in hotels and other venues across the United States.  *Id.* at ¶¶ 75-76.  The Complaint further alleges that Curb has publicly promoted this partnership, as evidenced by a public presentation that Curb gave about its partnership with Taxi Butler to the Nevada Taxicab Authority in April 2022.  *Id.* at ¶ 76.

## II.    Standard of Review

In this Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

## III.    Discussion

Defendants move to dismiss Plaintiffs' claims of violating RICO, 18 U.S.C. § 1962(c), and conspiracy to violate RICO, 18 U.S.C. § 1964(d).  Defendants argue that Plaintiffs' additional allegations remain insufficient to plead the existence of an enterprise for purposes of RICO. Defendants also contend that Plaintiffs fail to sufficiently plead a pattern of racketeering activity. Though I remain skeptical of Plaintiff's ability to succeed on the merits, I nonetheless find that Plaintiffs set forth sufficient allegations to present one plausible theory that the Defendants violated RICO, and I will allow these claims to proceed to discovery.

### A.  Plaintiffs plead a RICO enterprise.

Count III of the Second Amended Complaint alleges that Defendants violated Section 1962(c) of RICO, which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of

racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).  Establishing civil liability under this section requires a plaintiff to demonstrate "(1) conduct (2) *of an enterprise* (3) through a pattern (4) of racketeering activity, plus (5) an injury to business or property, and (6) the racketeering activity must have been the 'but for' cause as well as the proximate cause of the injury." *LabMD Inc. v. Boback*, 47 F.4th 164, 179 (3d Cir. 2022) (cleaned up and emphasis added).

Under RICO, an "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).  The statute therefore describes two types of associations that qualify as an enterprise for RICO purposes: (1) organizations such as corporations, partnerships, and other similar legal entities; and (2) "any union or group of individuals *associated in fact* although not a legal entity."  *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 364 (3d Cir. 2010) (citing *United States v. Turkette*, 452 U.S. 576, 581-82 (1981)) (cleaned up and emphasis added).  A so-called "association in fact" enterprise must have three structural features: (1) a purpose, (2) relationships among those associated with the enterprise, and (3) "longevity sufficient to permit those associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009).  The enterprise "need not have a hierarchical structure or a 'chain of command,'" but must at the very least function as a "continuing unit" and involve "interpersonal relationships and a common interest." *Id.* at 946, 948.  Moreover, the "enterprise" cannot be the pattern of racketeering activity alone and must be "an entity separate and apart from the pattern of activity in which it engages." *Turkette*, 452 U.S. at 583.

1.   *Plaintiffs fail to plead facts supporting a broad enterprise involving Defendants, hotels, and taxi dispatch companies.*

Here, Plaintiffs allege that the enterprise goes beyond the Defendants, and encompasses "hotels, venues, and taxi dispatch companies," which Plaintiffs now allege are united by the common purpose of "providing rides to people."  Second Am. Compl. ¶¶ 124, 131.  As to structure, the Complaint essentially characterizes the hotels and taxi companies as unwitting participants in the broader enterprise beyond knowingly connecting customers with taxicab rides, noting that Defendants "exercised discretion" on behalf of these companies and "directed their affairs" to help "facilitate the illegal scheme."  *See id.* at ¶¶ 112, 125.

This is insufficient to plead a RICO enterprise.   In some circumstances, a RICO enterprise can have a lawful purpose but still be utilized by certain central figures to conduct racketeering activity.  *See Friedman v. 24 Hour Fitness USA, Inc*., 580 F. Supp. 2d 985, 992 (C.D. Cal. 2008) ("RICO enterprises may include 'entirely legitimate' entities that are exploited by wrongdoers and . . . not every member of an enterprise need be a co-defendant."); *LKQ Corp. v. FCA US LLC*, No. 19-cv-54, 2019 WL 13318371, at *9 (D. Del. Sept. 10, 2019) (finding that a RICO plaintiff "need not point to each party's fraudulent or criminal involvement in the enterprise").  *But see Robins v. Glob. Fitness Holdings, LLC,* 838 F. Supp. 2d 631, 652 (N.D. Ohio 2012) (Polster, J.) (disagreeing with *Friedman* and noting that some other circuits require a common fraudulent purpose to allege a RICO enterprise).

But the relationships pled among all the entities identified in the complaint are fundamentally insufficient to establish the existence of such a broad enterprise.  The Third Circuit has made clear that normal business relationships, without more, are insufficient to support an association-in-fact enterprise.  *Brittingham v. Mobil Corp*., 943 F.2d 297, 301 (3d Cir. 1991),

*abrogated on other grounds by Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., Inc.*, 46 F.3d 258 (3d Cir. 1995); *see also Schwartz v. Laws. Title Ins. Co.*, 680 F. Supp. 2d 690, 708 (E.D. Pa. 2010) (citing *Brittingham* and emphasizing that a RICO claim requires pleading that the enterprise went beyond merely conducting "the normal affairs of a business relationship").  And more broadly, pleading a RICO enterprise requires pleading some descriptive details about the relationships between members of the enterprise.  *See Boyle*, 556 U.S. at 946 (holding that pleading an association-in-fact enterprise requires establishing relationships among those associated with the enterprise); *In re Ins. Brokerage*, 618 F.3d at 369 (stating that "simply identifying the allegedly associated components does not serve to put defendants on notice of the RICO claim").  Here, Plaintiffs' allegations continue to suggest that the hotels and taxi dispatch companies had nothing more than a normal business relationship with Defendants and had no knowledge of the illicit racketeering activity for which Defendants were using them.  *See* Second Am. Compl. ¶¶ 112, 125.  And beyond the minimal allegations addressing the mechanism for using the Taxi Butler device, Plaintiffs barely provide any facts about the extent of the relationships between Defendants and these entities.  Plaintiffs' allegations are therefore insufficient to establish such a broad, expansive enterprise.

### 2.  *Plaintiffs plead a RICO enterprise involving Defendants alone.*

The Second Amended Complaint does, however, paint a plausible picture of a RICO enterprise comprised of the Defendants themselves.  My prior opinion faulted Plaintiffs for failing to allege any facts that would support the conclusion that Defendants "agreed and conspired" to engage in mail and wire fraud.  *See* ECF 25 at 7.  But Plaintiffs' complaint now includes specific allegations that Curb and Taxi Butler formed a partnership to introduce the Taxi Butler device in cities across the United States, as evidenced by a presentation that Curb gave to Nevada officials

in April 2022.  *See* Second Am. Compl. ¶¶ 74-76.  Defendants clearly shared the common purpose of "giving rides to people," and the allegation of a formal business partnership in addition to the fraudulent activity demonstrates that the RICO enterprise exists "separate and apart" from the alleged scheme of charging hidden fees.  *See Turkette*, 452 U.S. at 583.  A narrowed definition of the RICO enterprise therefore salvages this element of Plaintiffs' RICO claim.

**B.  Plaintiffs plausibly allege a pattern of racketeering activity.**

Defendants additionally argue that Plaintiffs' RICO claims must be dismissed because Plaintiffs have failed to plead a pattern of racketeering activity.  A pattern of racketeering activity "requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5).  A Plaintiff must therefore allege "that the racketeering predicates are related and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).  These two elements are referred to as "relatedness" and "continuity." *United States v. Bergrin*, 650 F.3d 257, 267 (3d Cir. 2011).  Defendants allege that Plaintiffs fail to plead a pattern of racketeering activity solely on the basis that Plaintiffs do not establish continuity for purposes of RICO.

Continuity can be either "closed-ended," referring either to a closed period of repeated conduct, or "open-ended," involving ongoing conduct with a threat of repetition.  *H.J. Inc.,* 492 U.S. at 241.  To establish "closed ended" continuity, the racketeering activity must occur over a "substantial" period, which the Third Circuit has suggested must be longer than one year.  *See United States v. Pelullo*, 964 F.2d 193, 209 (3d Cir. 1992) ("We have never found such a period to exist where the racketeering activity occurred over a period of one year or less.").  The two

7

specific acts of racketeering pleaded here occurred three months apart (in August and November 2022), which standing alone would be insufficient to meet this standard.  But taken as a whole, the Complaint plausibly suggests that the racketeering activity began well before this, because Curb touted the extensive use of the Taxi Butler device "in hotels and venues across the United States" in a public meeting in April 2022, suggesting that implementation of the device and corresponding fees was already an established scheme several months prior to that date.  *See* Second Am. Compl. ¶ 76.    If discovery reveals that the activity was *not* ongoing long before that, Defendants can move for summary judgment later.  But at this stage, I conclude that Plaintiffs have set forth enough facts for their claim to survive dismissal.  *See Metcalf v. Lynch*, No. 4:11-CV-127, 2011 WL 13087090, at *10 (M.D. Pa. Oct. 31, 2011) (denying similar arguments in ruling on a motion to dismiss and finding that the plaintiffs "should be afforded the opportunity to conduct discovery regarding the length of time the alleged racketeering activity persisted," where plaintiffs had presented plausible allegations that racketeering activity had been ongoing prior to the first known racketeering act).

### C.  Plaintiffs state a claim for RICO conspiracy.

Count IV alleges that Defendants conspired to violate RICO.  *See* 18 U.S.C. § 1962(d).  To plead a conspiracy under this section, a plaintiff must establish that (1) two or more persons agreed to participate in an endeavor that, if completed, would constitute a RICO violation and (2) a member of the conspiracy committed an overt act that constituted a predicate act of racketeering to further the conspiracy.  *Beck v. Prupis*, 529 U.S. 494, 503-07 (2000).  Liability under one of the substantive provisions of RICO is not invariably a prerequisite to Section 1962(d) liability, *Smith v. Berg,* 247 F.3d 532, 537-38 (3d Cir. 2001), but a § 1962(d) claim "must be dismissed if the complaint does not adequately allege 'an endeavor which, if completed, would satisfy all of the

elements of a substantive [RICO] offense.'" *In re Ins. Brokerage*, 618 F.3d at 373 (quoting *Salinas v. United States,* 522 U.S. 52, 65 (1997)).

Defendants move to dismiss this claim on the sole basis that Plaintiffs fail to state a claim under Section 1962(c) of RICO.  Because I find that Plaintiffs have sufficiently pleaded a claim under Section 1962(c), I will also deny Defendant's Motion as to Plaintiffs' conspiracy claim under Section 1964(d).

## IV.   Conclusion

For the reasons set forth, Defendant's Motion will be denied.  An appropriate order follows.

   /s/ Gerald Austin McHugh
United States District Judge

9